IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

PETER Q. PICHINI, JR.,
       Plaintiff,

-vs-

HIGHLANDS RESIDENTIAL
MORTGAGE, LTD, CENLAR FSB, and
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL LLP,
       Defendants.

CAUSE NO.: A-17-CA-00258-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Peter Q. Pichini, Jr. (Pichini)'s Motion to Remand [#6] and Defendants Highlands Residential Mortgage, LTD (Highlands) and Cenlar FSB (Cenlar) (collectively Defendants)'s Response [#7] in opposition. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and order.

### Background

This case originates out of efforts to foreclose on real property located at 1725 Cactus Mound Drive, Leander, Williamson County, Texas, 78641 (the Property). According to the Amended Complaint, Pichini purchased the Property via special warranty deed on April 17, 2015. Supp. Not. Removal [#4-2] Ex. B-2 (Am. Pet.) ¶ 9. Pichini financed the purchase with a $237,105 Note to Highlands secured by a deed of trust in favor of Highlands (the Mortgage). *Id.* According to Pichini, as all times during the life of the Mortgage, he made payments directly to Highlands and received monthly loan statements from Highlands. *Id.* ¶ 11.

On August 26, 2016, Defendant Barrett Daffin Frappier Turner & Engel LLP (the Law Firm) sent Pichini a letter attempting to collect money on behalf of Highlands and the alleged mortgage servicer, Cenlar. *Id.* ¶12. On September 13, 2016, the Law Firm mailed Pichini a notice of acceleration and a notice of substitute trustee's sale, claiming authority from Cenlar's role as servicer for the Mortgage. *Id.* ¶13. Three days later, Highlands executed an appointment of substitute trustee. *Id.* ¶14. On November 1, 2016, the Law Firm conducted a foreclosure sale on the Property. *Id.* ¶15.

On February 16, 2017, Pichini filed suit in the 425th Judicial District Court, Williamson County, Texas against Defendants and the Law Firm. Notice Removal [#1-3] Ex. B-1 (Original Pet.).[1] In his Amended Petition, Pichini asserts two claims for declaratory relief, a claim to quiet title, and a request for injunctive relief. Am. Pet. ¶¶ 16–25. In his first claim for declaratory relief, Pichini alleges "[Cenlar] has no authority to act as a mortgage servicer because no servicing agreement exists that allowed [Cenlar] to service Plaintiff's mortgage." Pichini specifically states, "The Truth in Lending Act, 15 [U.S.C. §] 1641(g) [TILA] requires that a notice of new creditor be sent to the debtor within 30 days of the sale or transfer of a mortgage or loan. This never occurred." *Id.* ¶ 16 (footnote omitted). In a footnote, Pichini denies seeking relief under TILA, claiming "[t]he reference to the statute and its penalties is to further illustrate the irregularity of the handling of Plaintiff's mortgage and the plausibility of further irregularities." *Id.* ¶ 16 n.1. Pichini also alleges Cenlar failed to notify Pichini it was appointed to act as the Mortgage servicer as required under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(b) (RESPA). *Id.* ¶ 19.

---

[1] Pichini filed his Amended Petition less than an hour after filing his Original Petition. *Compare* Original Pet. *with* Am. Pet. The only difference between the two petitions this Court can discern is the addition of a sworn verification with the Amended Petition. *Id.*

-2-

Pichini's second claim for declaratory relief asks the court to declare the substitute trustee's deed void because the foreclosure sale was conducted by Cenlar, which allegedly acted without authority as the Mortgage servicer. *Id.* ¶19. Similarly, Pichini's claim to quiet title seeks to remove the cloud on the Property's title because the November 1, 2016 foreclosure sale "was conducted by an entity that had no authority to act . . . ." *Id.* ¶ 20. Finally, Pichini's request for injunctive relief seeks to prevent Defendants from continuing any eviction efforts in light of the disputed foreclosure sale. *Id.* ¶¶21–25.

On March 24, 2017, Defendants timely removed the case to this Court. Notice Removal [#1]. On April 21, 2017, Plaintiff filed a motion to remand the case to state court. Mot. Remand [#6]. That motion is now ripe for review.

## Analysis

### I.     Legal Standard

In general, a defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." *Holmes Grp., Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 830 (2002). Under this rule, a case "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax. Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28. Furthermore, the federal question "must be disclosed upon the face of the complaint, unaided by the answer . . . ." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936).

Additionally, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). "To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." *Id.* (citation omitted). Any ambiguities are construed against removal. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## II. Application

Defendants argue this Court has federal question jurisdiction over Pichini's claims because they arise under federal law. Notice Removal [#1] ¶¶ 1–4. Because the Court agrees, the Court denies Pichini's motion to remand.

In his Amended Petition, Pichini's claims center on alleged violations of TILA and RESPA—two federal statutes that govern consumer finance transactions including mortgage lending. *See* Am. Pet. ¶¶ 16–25. These alleged violations of RESPA and TILA arise under the laws of the United States because they "raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *See Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) (internal quotation marks omitted) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

Moreover, Pichini's right to relief depends on the resolution of questions of federal law. In particular, all of Pichini's claims hinge on whether Cenlar acted without authority because Cenlar allegedly failed to notify Pichini either that (1) Cenlar was a new creditor as required under TILA or (2) Cenlar was appointed to act as the Mortgage servicer as required under RESPA. Pichini's allegation Cenlar had no authority to conduct the foreclosure sale is the only

allegation of wrongdoing supporting Pichini's requests for relief. In essence, because federal law determines whether Cenlar had the authority to support the foreclosure action and Pichini alleges improper foreclosure due to lack of authority, federal subject-matter jurisdiction exists.

Therefore, Defendants met their burden of showing the Court has subject-matter jurisdiction over this removed action, and Pichini's motion to remand is DENIED.

**Conclusion**

Accordingly,

IT IS ORDERED that Plaintiff Peter Q. Pichini, Jr.'s Motion to Remand [#6] is DENIED.

SIGNED this the 16th day of May 2017.

*/s/ Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE